IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 3:05-CR-00299-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **OLANCE ANTJUAN UPTON,** | |
| Defendant. | |

**S. AMANDA MARSHALL**
United States Attorney
**SCOTT M. KERIN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1000

      Attorneys for United States

**STEVEN T. WAX**
Federal Public Defender
**SUSAN A. RUSSELL**
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204
(503) 326-2123

      Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge**.

This matter comes before the Court on Defendant's Motion (#77) to Reduce Sentence pursuant to 18 U.S.C. § 3582(c) based on the November 1, 2011, amendments to the United States Sentencing Guidelines (U.S.S.G.) or, in the alternative, for reconsideration of the Court's 2008 Order (#25) denying in part Defendant's previously-filed Motion to Reduce Sentence under the 2008 crack cocaine sentencing amendments.

The government argues Defendant is ineligible for a sentence reduction because Defendant's initial advisory sentencing guideline range was properly calculated by applying U.S.S.G. 4B1.1 based on his status as a career offender, and Defendant was, therefore, ineligible for a reduction in sentence. *United States v. Pleasant,* No. 12-10213, 2013 WL 11892, at *3-4 (Jan. 2, 2013) ("§ 1B1.10 mandates that the Career Offender guidelines [are the] 'applicable guidelines'; thus, the district court did not have jurisdiction either to hear [the defendant's] § 3582(c) motion or to act *sua sponte*.").

The government also argues Defendant's reliance on *United States v. Jackson,* 678 F.3d 442 (6th Cir. 2012), is misplaced because that case did not involve a reduction of sentence under § 3582(c) but was instead a direct appeal from sentencing.

The Court agrees with the government that, in accordance with the Ninth Circuit's recent holding in *Pleasant,* advisory

2 - OPINION AND ORDER

sentencing guidelines based on Defendant's status as a career offender were applied correctly to the sentence imposed on Defendant and, therefore, Defendant is not entitled to a reduction in sentence under § 3582(c).

Accordingly, the Court **DENIES** Defendant's Motion (#77) to Reduce Sentence.

IT IS SO ORDERED.

DATED this 11th day of January, 2013.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

3 - OPINION AND ORDER